# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

**SARA NIELSEN,**

    Plaintiff,

v.

**FEDERAL RESERVE BANK OF KANSAS CITY**

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Sara Nielsen ("Nielsen" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Federal Reserve Bank of Kansas City ("the Bank" or "Defendant") and states as follows:

### NATURE OF ACTION

Plaintiff brings this action for damages against the Bank due to the Bank's discrimination against Plaintiff, the Bank's fostering of a hostile work environment, and the Bank's retaliation against Plaintiff after she engaged in a protected activity, which are in violation of Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq.

### PARTIES

1. Plaintiff is a female citizen of the State of Oklahoma and member of a protected class of individuals recognized under Sec. 2000e-2(a)(1).

2. During her employment with Defendant, Plaintiff was a citizen of the State of Colorado and worked for the Bank at 1020 16th Street, Denver, Colorado 80202.

3. Defendant's Head Office address is 1 Memorial Drive, Kansas City, Missouri 64198.

4. Defendant is an "employer" as defined by Sec. 2000e(b).

5. Defendant employed Plaintiff during the time period that led to the claims asserted herein.

## JURISDICTION

6. Jurisdiction is asserted pursuant to Title VII. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and § 1332.

7. This Court has personal jurisdiction over Defendant pursuant to C.R.S. § 13-1-124 because Defendant transacts business in the State of Colorado.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the Defendant conducts business within this District and the acts alleged occurred within this District.

## ADMINISTRATIVE HISTORY

9. Plaintiff has timely and properly exhausted her administrative remedies by filing an initial Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 5, 2018, Charge No. 541-2018-02352, based upon grounds of sex discrimination, harassment/hostile work environment, and retaliation.

10. This lawsuit is timely filed within 90 days after Plaintiff's receipt of a Notice of Right to Sue from the EEOC dated February 20, 2019.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

12. The Bank hired Nielsen, a female, on or about June 14, 2004 as a Senior Assistant Examiner.

13. The Bank moved Nielsen into another position working alongside Richard Thorne ("Thorne") on or about September 1, 2007.

14. Both Nielsen and Thorne reported to the Assistant Vice President Debbie Meyers ("Meyers").

15. In or about November 2009, Thorne began to make sexual advances towards Nielsen.

16. Nielsen ultimately succumbed to these sexual advances because Nielsen knew that Thorne would become her supervisor.

17. Upon information and belief, Meyers spoke with Thorne about the inappropriateness of the sexual activity between Thorne and Nielsen.

18. Despite having knowledge of the sexual activity, Meyers took no steps to address the situation or assist Nielsen.

19. On or about November 1, 2012, Nielsen began reporting directly to Thorne.

20. From November 2012, and continuing, Thorne required Nielsen to perform sexual acts on him.

21. Thorne exercised significant control over Nielsen and her job responsibilities, including the issuance of work directives, raises, bonuses, and the ability to promote Nielsen.

22. Coworkers frequently saw Nielsen visibly shaken and crying on multiple occasions when she left Thorne's office after being required to perform sexual acts or after being yelled at for failing to meet Thorne's demands.

23. It was well known in the workplace of the behavior to which Thorne subjected Nielsen.

24. Nielsen began to suffer from severe anxiety and depression.

25. Despite Nielsen's diminished mental health and the pressure and harassment she faced from Thorne, she continued to perform satisfactorily for the Bank, receiving a promotion as recently as January 1, 2016.

26. In or about October 2017, the Bank informed Nielsen that there were some alleged irregularities in her expense reports.

27. Nielsen and other employees had previously had their expense reports audited and the Bank allowed for modification and set offs.

28. The Bank's written policy did not require employees to submit, or keep, receipts for expenses under $75.00.

29. On or about October 13, 2017, Nielsen refused to continue to be overpowered by Thorne and reported the unwelcome sexual conduct to the Bank.

30. On or about October 16, 2017, the Bank held a meeting with Nielsen during which Nielsen provided documentary evidence of the sexual harassment.

31. Upon information and belief, Thorne's employment with the Bank ended on or about October 16, 2017.

32. On or about October 18, 2017, the Bank terminated Nielsen.

33. The Bank informed Nielsen that her termination was based on the irregularities in her expense reports.

34. The Bank had not previously terminated any employee for irregularities in expense reports, but instead employees, including Nielsen, were able to revise expense reports or receive off sets to correct any inaccuracies.

35. The Bank terminated Nielsen in retaliation for her reporting the sexual harassment she experienced by her supervisor Thorne.

### FIRST CAUSE OF ACTION
### Discrimination in Violation of Title VII
### (42 U.S.C. § 2000e-2(a))

36. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

37. The Bank is an employer as defined by Sec. 2000e(b).

38. Plaintiff is a member of a protected class of individuals based on sex as defined by Sec. 2000e-2(a).

39. Plaintiff was an employee as defined by Sec. 2000e(f) and at all times was qualified to perform the functions of her job.

40. The Bank willfully and intentionally subjected Nielsen to discrimination by allowing Thorne to sexually harass Nielsen and requiring that Thorne remain as Nielsen's direct report.

41. The Bank further discriminated against Plaintiff by refusing to intervene in the conduct carried out by Thorne despite the Bank having knowledge that Thorne's conduct was unwelcome to Nielsen.

42. The Bank knew its actions violated Title VII or acted recklessly indifferent in that regard.

43. As a direct and proximate result of the foregoing actions and conduct of the Bank, Nielsen has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Nielsen also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Nielsen claims damages for these losses and injuries under 42 U.S.C. §1981a.

## SECOND CAUSE OF ACTION
### Hostile Work Environment – Harassment in Violation of Title VII
### (42 U.S.C. § 2000e-2(a))

44. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

45. The Bank subjected Nielsen to harassing treatment because of her gender, including acts of sexual harassment described herein.

46. The comments, treatment, and sexual acts Nielsen experienced were unwelcome.

47. The treatment was sufficiently severe and pervasive to alter the conditions of Nielsen's employment and created an environment abusive and hostile to her sex.

48. Nielsen found the working environment to be hostile.

49. A reasonable person in Nielsen's circumstances would find the environment in which Nielsen worked to be hostile.

50. As a direct and proximate result of the foregoing actions and conduct of the Bank, Nielsen has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and

suffering, humiliation, mental anguish, and inconvenience. Nielsen also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Nielsen claims damages for these losses and injuries under 42 U.S.C. §1981a.

**THIRD CAUSE OF ACTION**
**Retaliation in Violation of Title VII**
**(42 U.S.C. § 2000e-3(a))**

51. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

52. Plaintiff engaged in protected activity by reporting sexual harassment that she experienced in the workplace.

53. The Bank terminated Nielsen almost immediately after she reported the sexual conduct of Thorne.

54. The Bank's conduct in terminating Nielsen she reported harassment is in violation of Sec. 2000e-3(a).

55. The Bank treated Nielsen differently from employees who did not report allegations of sexual harassment.

56. The effect of these statutory violations was to deprive Plaintiff of rights and privileges enjoyed by persons who have not engaged in activities protected by Title VII.

57. These statutory violations were intentional.

58. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Nielsen's statutorily protected rights.

59. As a direct and proximate result of the foregoing actions and conduct of the Bank, Nielsen has suffered, and will continue to suffer, economic damages including loss of back wages,

front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Nielsen also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Nielsen claims damages for these losses and injuries under 42 U.S.C. §1981a.

## **JURY DEMAND**

Plaintiff requests a trial to a jury on all issues so triable.

WHEREFORE, Plaintiff Sara Nielsen prays for judgment against Defendant Federal Reserve Bank of Kansas City in an amount to be determined at trial, pre-judgment and post-judgment interest, costs and expert witness fees, attorney's fees, and for such other and further relief as provided by statute and that the Court may deem proper.

DATED this 21st day of May 2019.

                                      Respectfully submitted,

                                      */s/Andrew C. Quisenberry*
                                      Andrew C. Quisenberry, Esq.
                                      BACHUS & SCHANKER, LLC
                                      1899 Wynkoop Street, Suite 700
                                      Denver, Colorado 80202
                                      Telephone: 303.893.9800
                                      Facsimile: 303.893.9900
                                      Andrew.Quisenberry@coloradolaw.net